**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EUGENIA DAVIS-BERNARD**,

    *Plaintiff,*

    v.

**GLOBAL LENDING SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC** *and* **TRANS UNION LLC,**

    *Defendants.*

Case No:   8:24-cv-994

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, Eugenia Davis-Bernard ("**Ms. Davis-Bernard**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, Global Lending Services, LLC ("**Global**") Experian Information Solutions, Inc. ("**Experian**"), Equifax Information Services LLC ("**Equifax**"), and Trans Union LLC ("**Trans Union**"), (jointly, the "**Defendants**"), stating as follows:

**PRELIMINARY STATEMENT**

1.    This is an action brought by Ms. Davis-Bernard against the Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

**JURISDICTION AND VENUE**

2.    Subject matter jurisdiction for Plaintiff's FCRA claims arises under 28 U.S.C. § 1331, as the FCRA is a federal statute and the relevant transactions were

Page **1** of **31**

committed within Hillsborough County, Florida, which is in the Middle District of Florida.

3.      The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/ or caused by the Defendants within the Middle District of Florida.

## PARTIES

5.      **Ms. Davis-Bernard** is a natural person who at all times relevant has resided in Hillsborough County, Florida.

6.      Ms. Davis-Bernard is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7.      **Global** is a Delaware limited liability company whose principal business address of 1200 Brookfield Blvd., Suite 300, Greenville, SC 29607.

8.      Global is registered to do business in the State of Florida, where its Registered Agent is **Cogency Global, Inc., 115 North Calhoun St., Suite 4, Tallahassee, FL 32301.**

9.      Global is a furnisher of information to multiple *Credit Reporting Agencies* ("**CRAs**"), as that phrase is used within 15 U.S.C. § 1681, in that it regularly reports account payment and status data on both consumer credit lines.

10.      **Experian** is an Ohio corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

11.     Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

12.     **Equifax** is a Georgia limited liability company, with a principal business address of 1550 Peachtree Street NE, Atlanta, GA 30309.

13.     Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

14.     **Trans Union** is a Delaware limited liability company, with a principal business address of 555 West Adams Street, Chicago, IL 60661.

15.     Trans Union is registered to conduct business in the State of Florida, where its registered agent is, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

16.     Experian, Equifax, and Trans Union are CRAs within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that they, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

17.     In or around February 2017, Ms. Davis-Bernard obtained an auto loan from Global for $11,377.

18.     In or around February 2019, Ms. Davis-Bernard allegedly became indebted to Global for $5,528 (the "Debt").

19.     Ms. Davis-Bernard disputes this amount was ever legitimately owed.

20.     The Debt arose from services which were primarily for family, personal, or household purchases, specifically, for the purchase of a vehicle for personal use, and meets the definition of "debt" under the FCCPA, § 559.55(8), Fla. Stat.

21.     Global reported the Debt to several nationwide CRAs, including Trans Union, Equifax, and Experian.

22.     On July 31, 2022, Lloyd & McDaniel, PLC ("Lloyd & McDaniel") as an attorney for Global, filed a lawsuit against Ms. Davis-Bernard seeking to collect the Debt (the "Lawsuit").

23.     Prior to any court hearing, Lloyd & McDaniel agreed to accept $2,500 as settlement in full from Ms. Davis-Bernard. **SEE PLAINTIFF'S EXHIBIT A.**

24.     Ms. Davis-Bernard paid the agreed $2,500 to Lloyd & McDaniel within the agreed-upon time frame.

25.     On February 24, 2023, Lloyd & McDaniel, as attorneys for Global, filed Notice of Voluntary Dismissal with Prejudice with respect to the Lawsuit. **SEE PLAINTIFF'S EXHIBIT B.**

26.     In or around this time, Lloyd & McDaniel remitted funds to Global and informed Global that Ms. Davis-Bernard's account was settled in full, with a $0 balance remaining.

27.     However, Global, despite now having accepted payment from Plaintiff as settlement of full of the Debt, continued to report to the CRAs monthly that Plaintiff still owed $3,028, that the Debt was not settled in full, and that the account was still in collection. **SEE PLAINTIFF'S EXHIBIT C.**

## Ms. Davis-Bernard's Disputes of the Debt

58.     In July 2023, Ms. Davis-Bernard disputed the tradeline to Trans Union, stating the Debt was settled and paid as required by the agreed upon settlement and should not be reporting a balance.

59.     Trans Union, upon receipt of Ms. Davis-Bernard's dispute, sent Global an *Automated Consumer Dispute Verification* Request ("**ACDV**") through a system known as e-OSCAR, requesting that Global make a reasonable investigation into the dispute.

60.     Global responded to the ACDV, indicating its reported information had been verified as accurate and that no updating, modification, or deletion was required. **SEE PLAINTIFF'S EXHIBIT D.**

61.     Global did not so much as report the information as disputed; the failure to update reporting to indicate disputed information is disputed in and of itself violates the FCRA. *See Saunders v. Branch Banking and Trust Company of Virginia* 526 F.3d 142

(4th Cir. 2008). *Seamans v. Temple University*, 744 F.3d 853, 864 (3d Cir. 2014), (private cause of action arises under § 1681s2(b) when, having received notice of a consumer's potentially meritorious dispute, furnisher subsequently fails to report that claim is disputed).

62.     If a data furnisher like Global decides to report disputed information as verified, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016).

63.     Zero evidence exists to support the conclusion that Global's reported data was true since the debt had been satisfied months prior, and Global's lawsuit seeking to enforce the debt was dismissed with prejudice by Global. As such, Global could not have possibly obtained any, much less sufficient evidence, to support that its report indicating an unpaid balance remained was "accurate."

64.     For plainly obvious reasons, Global failed to make a reasonable investigation into Ms. Davis-Brenard's dispute.

65.     Disputes made by Ms. Davis-Brenard in September 2023, December 2023 and March 2024 yielded the same results – Trans Union's investigation was nothing more than sending an ACDV, and Global quickly rubber-stamped its information as "accurate" despite it being demonstrably false. **SEE PLAINTIFF'S EXHIBIT E.**

66.     Likewise, two disputes to Equifax in March 2024 and one in April 2024 resulted in an almost identical set of circumstances, with Equifax's investigation consisting only of sending ACDVs to Global, and Global quickly returning them as "verified as accurate." **SEE PLAINTIFF'S EXHIBIT F.**

67.     As the disputes contained the relevant Hillsborough County, Florida case number, and documentation showing the case was dismissed with prejudice, and other information, Global, and Equifax, should have easily been able to determine the information being reported could not be verified as accurate.

68.     A dispute to Experian in February 2024 resulted in history repeating itself: Experian sent an ACDV to Global, who quickly verified its information was accurate, and Global's verification of accuracy constituted the entirety of Experian's "investigation." **SEE PLAINTIFF'S EXHIBIT G.**

69.     Indeed, as of the date of this filing, Global continues to falsely report to the CRAs that $3,028 is still past-due and owing, despite the debt being settled in full more than a year ago.

## CRAs' Investigations Were Not Reasonable

70.     The FCRA also requires that a CRA conduct its own investigation of a consumer dispute. 15 U.S.C. § 1681i.

71.     Upon receipt of each ACDV response, Equifax, Experian Trans Union utilized an automated system which made rudimentary checks of tradeline data between what Global had reported and the data contained in the CRAs' own file on Ms. Davis-Brenard, *e.g.*, her name, address, date of birth, and Social Security number.

72.     For nearly 40 years, courts in this district have recognized that a CRA cannot rely upon its data furnisher exclusively, when the consumer disputes the accuracy of the furnisher's version of events and provides evidence to the contrary. The CRA must make some independent investigation of its own. "Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [data furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

73.     If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

74.     Trans Union, in particular, had many reasons to know Global was not reliable, especially considering that Trans Union has been a co-defendant in cases concerning Global not reporting paid accounts as paid, and verifying the accuracy falsely. See, e.g*., Jesenovec v. Global Lending Services LLC et. al*, case 1:16-cv-02113-DAP, N.D. Ohio, January 16, 2016 (debt discharged in bankruptcy reported as owed, confirmed as accurate when disputed to Trans Union).

75.     Prevalent unreliable information from a data furnisher should have put Experian on notice that problems exist, requiring it to investigate independently. *See Sarver v. Experian Information Solutions*, 390 F.3d 969, 972 (7th Cir. 2004).

76.     Despite the CRAs being provided more than enough evidence to easily conclude Global's data was not accurate, each CRA relied almost solely upon the ACDVs furnished to Global and the responses thereto simply because doing so was the most cost-effective way to handle the situation.

77.     The dispute resolution systems of Equifax, Experian, and Trans Union are heavily tilted in favor of its data furnishers, from whom it receives revenue monthly, and rest on the premises the data furnishers are always right, until categorically proven wrong by the consumer.

78.     As a result, consumers like Ms. Davis-Bernard, are left in a scenario where the only way to have their credit report corrected rests on their ability to disprove a negative.

79.     Because of the catastrophic effect the "unpaid" Global charge-off is having to her credit scores, Ms. Davis-Bernard has been denied credit, and in some instances, approved but on less-favorable terms.

80.     Ms. Davis-Bernard has thus suffered an impaired ability to obtain credit and services, as well as other economic and non-economic losses.

81.     Ms. Davis-Bernard has also suffered severe emotional distress from continuing to deal with an account she settled in February 2023 and has made nearly a dozen disputes concerning, without the issue being corrected, 14+ months later.

82.     Ms. Davis-Bernard has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

**COUNT I**
**WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)**
**Global Only**

83.    Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

84.    Global violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least eight separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Debt from Experian, Equifax and Trans Union, as any reasonable investigation would have concluded that the $3,028 balance supposedly "owed" concerning the settled-in-full debt could not be verified as accurate, as Global had accepted a settlement offer on the debt, been paid in full for the settlement by Ms. Davis-Bernard, promptly, and dismissed with prejudice its lawsuit seeking to enforce the debt against Ms. Davis-Bernard. Global did not so much as update its reporting to indicate the *faux*-balance was "disputed by consumer."

85.    Global's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, when disputed.

86.    Global's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Davis-Bernard.

87.    Accordingly, pursuant to 15 U.S.C. § 1681n, Global is liable to Ms. Davis-Bernard for the greater of her actual damages and statutory damages of up

to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Global for:

a.    The greater of statutory damages of $1,000 per incident (for a total of $8,000, based on information known at the time of filing) or Ms. Davis-Bernard's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGANT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
## Global Only (Plead in The Alternative to Count I)

88.    Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

89.    Global negligently violated 15 U.S.C. § 1681s-2(b) when it failed, on at least eight separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Debt from Experian, Equifax and Trans Union, as any reasonable investigation would have concluded that the $3,028 balance supposedly "owed" concerning the settled-in-full debt could not be verified as accurate, as Global had accepted a settlement offer on the debt, dismissed with prejudice its lawsuit

seeking to enforce the debt against Ms. Davis-Bernard, and been paid in full for the settlement by Ms. Davis-Bernard, promptly. Global did not so much as update its reporting to indicate the faux-balance was "disputed by consumer."

90.    Global's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, when disputed.

91.    Global's had a legal duty to conduct a reasonable investigation of disputed information, but was negligent and its policies and actions could reasonably be foreseen to cause harm to Ms. Davis-Bernard, and did harm her.

92.    Global's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Global is liable to Ms. Davis-Bernard for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Global for:

a.    Ms. Davis-Bernard's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT III
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
## Experian Only

93.     Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

94.     Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into a dispute of the Global tradeline by Ms. Davis-Bernard, since any reasonable investigation would have concluded that the Global account indicating a $3,028 balance was owed could not be verified as accurate, as it was not owed, and Ms. Davis-Brenard provided Experian with sufficient information to reasonably verify it was not owed.

95.     Experian's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, since Experian almost never makes any independent investigation of consumer disputes, despite a legal requirement it do so.

96.     Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Davis-Bernard.

97.     Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Ms. Davis-Bernard for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Experian for:

a.  The greater of statutory damages of $1,000 per incident or Ms. Davis-Bernard's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

### COUNT IV
### NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
### Experian Only (Plead in the Alternative to Count III)

98.  Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

99.  Experian violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into a dispute of the Global tradeline by Ms. Davis-Bernard, since any reasonable investigation would have concluded that the Global account indicating a $3,028 balance was owed could not be verified as accurate, as it was not owed, and Ms. Davis-Brenard provided Experian with sufficient information to reasonably verify it was not owed.

100.  Experian's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it

is not, since Experian almost never makes any independent investigation of consumer disputes, despite a legal requirement it do so.

101.    Experian's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Ms. Davis-Bernard for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE**, Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Experian for:

a.    Ms. Davis-Bernard's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT V
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
## Trans Union Only

102.    Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

103.    Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation on multiple occasions into a dispute of the Global tradeline by Ms. Davis-Bernard, since any reasonable investigation would have concluded that the Global account indicating a $3,028 balance was owed could not be verified as accurate, as it was not owed, and Ms. Davis-Brenard provided Experian with sufficient information to reasonably verify it was not owed.

104.   Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

105.   Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Davis-Bernard.

106.   Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Ms. Davis-Bernard for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Trans Union for:

a.   The greater of statutory damages of $1,000 per incident (for a total of $3,000, based on information pled at the time of filing) or Ms. Davis-Bernard's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.   Such other relief that this Court deems just and proper.

**COUNT VI**
**NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)**
**Trans Union Only (Plead in The Alternative to Count V)**

107.   Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

108.   Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation on multiple occasions into a dispute of the Global tradeline by Ms. Davis-Bernard, since any reasonable investigation would have concluded that the Global account indicating a $3,028 balance was owed could not be verified as accurate, as it was not owed, and Ms. Davis-Brenard provided Experian with sufficient information to reasonably verify it was not owed.

109.   Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

110.   Trans Union's conduct was negligent, and pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Ms. Davis-Bernard for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE**, Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Trans Union for:

a.   Ms. Davis-Bernard's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

## COUNT VII
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
## Equifax Only

111.   Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

112.   Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation on multiple occasions into a dispute of the Global tradeline by Ms. Davis-Bernard, since any reasonable investigation would have concluded that the Global account indicating a $3,028 balance was owed could not be verified as accurate, as it was not owed, and Ms. Davis-Brenard provided Experian with sufficient information to reasonably verify it was not owed.

113.   Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

114.   Equifax's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Davis-Bernard.

115.   Accordingly, pursuant to 15 U.S.C. § 1681n, Equifax is liable to Ms. Davis-Bernard for the greater of her actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Equifax for:

a.    The greater of statutory damages of $1,000 per incident (for a total of $3,000, based on information known at the time of filing) or Ms. Davis-Bernard's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and

d.    Such other relief that this Court deems just and proper.

**COUNT VIII**
**NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681c-2(a)**
**Equifax Only (Plead in The Alternative to Count VII)**

116.    Ms. Davis-Bernard hereby incorporates paragraphs 1 – 82 as if fully stated herein.

117.    Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation on multiple occasions into a dispute of the Global tradeline by Ms. Davis-Bernard, since any reasonable investigation would have concluded that the Global account indicating a $3,028 balance was owed could not be verified as accurate, as it was not owed, and Ms. Davis-Brenard provided Experian with sufficient information to reasonably verify it was not owed.

118.    Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

119.    Equifax's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Equifax is liable to Ms. Davis-Bernard for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Davis-Bernard respectfully requests this Honorable Court to enter judgment against Equifax for:

a.    Ms. Davis-Bernard's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Davis-Bernard hereby demands a trial by jury on all issues so triable.

Respectfully submitted on April 24, 2024, by:

**SERAPH LEGAL, P. A.**
*/s/ Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No. 1032167
Seraph Legal, P.A.
2124 W. Kennedy Blvd., Ste. A
Tampa, FL 33606
CCok@Seraphlegal.com
(813)-321-2349
*Counsel for Plaintiff*

**<u>ATTACHED EXHIBIT LIST</u>**

A       Settlement Agreement from February 2023
B       Notice of Voluntary Dismissal with Prejudice
C       Plaintiff's Experian Consumer Disclosure, December 24, 2023, Global
        Tradeline – Excerpt
D       Trans Union Dispute Results
E       Trans Union Dispute Results
F       Equifax Dispute Results
G       Plaintiff's Experian Consumer Disclosure, March 3, 2024, Global Tradeline -
        Excerpt